UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NATHANIEL BARRETT,

                                                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAM MARTIN (Shield no. 13696), POLICE
OFFICER MICHAEL DELFINO (Shield no. 18383),
POLICE OFFICER PAUL ZITO (Shield no. 4632),
POLICE OFFICER OSVALDO ROSADO (Shield no.
2760), POLICE OFFICER WALTER ROBERTS (Shield
no. 7908), POLICE OFFICER MIGUEL CARVAJAL
(Shield no. 28135), POLICE OFFICER FRANK AVILA
(Shield no. 24973), POLICE OFFICER THOMAS F.
DONOHUE (Shield no. 14716), SERGEANT JOHN
MELIDONES (retired),

                                                                Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

CV 05 5179 (JBW) (KAM)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from a June 5, 2005 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, an illegal strip search, malicious prosecution, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claim of malicious prosecution. With respect to this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim of malicious prosecution. Moreover, this action was filed within one year and 90 days of the dismissal of the criminal charges filed against plaintiff.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York and because the incident at issue took place in this district.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer William Martin, Police Officer Michael Delfino, Police Officer Paul Zito, Police Officer Osvaldo Rosado, Police Officer Walter Roberts, Police Officer Miguel Carvajal, Police Officer Frank Avila, Police Officer Thomas F. Donohue, and Sergeant John Melidones are members of the NYPD who violated plaintiff's rights on June 5, 2005.

8. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. On June 5, 2005, at approximately 1:25 a.m., at 585 East 21st Street, Brooklyn, New York, Police Officer William Martin, Police Officer Michael Delfino, Police Officer Paul Zito, Police Officer Osvaldo Rosado, Police Officer Walter Roberts, Police Officer Miguel Carvajal, Police Officer Frank Avila, Police Officer Thomas F. Donohue, and Sergeant John Melidones arrested plaintiff and charged him with sale and possession of narcotics.

10. Plaintiff, however, had not committed a crime. Plaintiff was merely standing on a public street. Therefore, the arrest of plaintiff was not based on probable cause.

11. After placing plaintiff under arrest, the officers took claimant to the 70th Precinct for arrest processing.

12. At the 70th Precinct, claimant was strip searched by several of the officers in front of another prisoner.

13. The aforesaid strip search was illegal because: (a) it was nonprivate, and (b) the officers lacked reasonable suspicion to believe that plaintiff was in possession of drugs, weapons, or contraband.

14. Plaintiff was subsequently taken to Brooklyn Central Booking to await arraignment.

15. While plaintiff was awaiting arraignment, the officers who arrested plaintiff met with a prosecutor employed by the Kings County District Attorney's Office.

16. The officers falsely stated to the prosecutor that plaintiff had committed the crimes of sale and possession of narcotics.

17. The District Attorney' Office commenced charges against plaintiff based solely on the officers' false statements. The case was entitled People v. Nathanie Burn, docket number 2005KN036206.

18. Plaintiff was later arraigned in Criminal Court, Kings County. The presiding judge set bail.

19. Plaintiff was unable to immediately post bail and was therefore taken to and confined in Rikers Island Correctional Facility.

20. Plaintiff was strip searched upon his admission to Rikers Island.

21. The aforesaid strip search was illegal because it was conducted in front of other prisoners and because the correction officers lacked reasonable suspicion to believe that plaintiff was in possession of drugs, weapons, or contraband.

22. Plaintiff was incarcerated in Rikers Island for approximately three days and was released when his family posted bail.

23. On August 1, 2005, after plaintiff made at least one court appearance, the charges filed against plaintiff were dismissed.

24. As a result of defendants' actions, plaintiff suffered emotional distress, fear, embarrassment, humiliation, shock, discomfort, and loss of liberty for four days.

**FEDERAL AND STATE LAW CLAIMS AGAINST POLICE OFFICER WILLIAM MARTIN, POLICE OFFICER MICHAEL DELFINO, POLICE OFFICER PAUL ZITO, POLICE OFFICER OSVALDO ROSADO, POLICE OFFICER WALTER ROBERTS, POLICE OFFICER MIGUEL CARVAJAL, POLICE OFFICER FRANK AVILA, POLICE OFFICER THOMAS F. DONOHUE, AND SERGEANT JOHN MELIDONES**

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The conduct of Police Officer William Martin, Police Officer Michael Delfino, Police Officer Paul Zito, Police Officer Osvaldo Rosado, Police Officer Walter Roberts, Police Officer Miguel Carvajal, Police Officer Frank Avila, Police Officer Thomas F. Donohue, and Sergeant John Melidones, as described herein, amounted to false arrest, an illegal strip search, malicious prosecution, and fabrication of evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

**FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. The City of New York directly caused the constitutional violations suffered by plaintiff.

29. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual

defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

30. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

31. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

32. Moreover, because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the malicious prosecution of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: February 1, 2006
Brooklyn, New York

                                        CARDINALE & MARINELLI
                                        26 Court Street, Suite 1815
                                        Brooklyn, New York 11242
                                        (718) 624-9391

                                        By:


                                        _____
                                        RICHARD J. CARDINALE (RC-8507)